The People *vs.* John Benham and Thomas Benham. *Assault and Battery.*

NEWY-ORK.
March 1823.

The People
*vs.*
John Benham
and
Thos.Benham

THE defendants were charged with committing a violent assault and battery upon James S. Smith, on the 16th day of November, 1822.

The facts appeared as follows: the defendants were tenants in the Brew-house in Cherry Street, owned by the prosecutor; and it was to repel the officer who came to distrain upon the premises, that the alleged assault and battery was committed.

*A landlord's warrant will not protect an officer in the execution of it, where no rent is due or where it is not yet due. It is a mere private, personal authority.*

Evidence was admitted by the Court that conclusively showed no rent was due. Mr. Lewis testified that the parties had been before him on the subject, and that they had agreed that the defendants should live in the house until the first day of May, rent free, for certain privileges enjoyed by the landlord: that in fact, according to the understanding of the parties at the time of the consultation before Mr. Lewis, it was expressly stipulated no rent was to be paid or demand made.

Some time after this agreement, a landlord's warrant was put into the hands of the prosecutor, who went to the house to execute it. Mr. John Benham was standing upon the stoop, at the front door, and some altercation took place between the officer and Mr. John Benham, Mr. Benham denying any rent to be due, and the officer showing his warrant. Mr. Benham refused admission to the officer, and upon his attempting to force himself into the house, shoved him off the stoop, and injured him considerably.

*Leveridge,* counsel for the defendants, admitted the facts as detailed by the witnesses, but contended that the officer was not protected by the landlord's warrant: that it differ-

NEW-YORK,
March 1823.

The People
*vs.*
John Sheahan

ed materially from the process of a capias or fi. fa. ; that in those cases the officer was protected by the process; but that in the present case, he could have no more. right to go on the premises than the landlord himself; and if he went on by force, where no rent was due, or before it was due, he would be a trespasser, &c.

The Court were of the same opinion. They observed there was a well-known and acknowledged difference between a capias, fi. fa. &c., and a landlord's warrant : that one was public process—the process of the people, and the other was a mere personal authority derived from the landlord ; that the process of the people would effectually protect an officer in the faithful execution of it ; but that in the other case, the officer had no other authority but that derived from the landlord; and if he had no right to make a distress, he could not convey such a right to an officer, or any other person; and it made no difference whether the landlord himself distrained upon the tenant, or whether he deputed his authority to another.

The defendants were acquitted.